# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**VALENCIA GARNER,**

      **Plaintiff,**

**v.**                                                **Case No:   6:17-cv-1128-Orl-18KRS**

**ORLANDO/ORANGE COUNTY
CONVENTION CENTER, CENTRAL
INTELLIGENCE AGENCY, FEDERAL
PROTECTIVE SERVICE and
WESTGATE LAKE RESORT,**

      **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 2)**
>
> **FILED:**     **June 19, 2017**

### I.   PROCEDURAL HISTORY.

On June 19, 2017, Valencia Garner filed a complaint against the Orlando/Orange County Convention Center, the Central Intelligence Agency ("CIA"), the Federal Protective Service ("FPS"), and Westgate Lake Resort. Doc. No. 1. Her complaint is largely disjointed and incomprehensible—consisting mainly of a list of statutes and constitutional provisions she asserts have been violated as well as conclusory statements of wrongdoing, including claims of drug trafficking, extortion, terrorism, identity theft, and murder. It appears that the complaint relates to

events that occurred on June 4 and 5, 2017, when she traveled to the Orlando/Orange Convention Center. It also appears that core of Garner's complaint is that a male disguised as a female followed her from Atlanta, Georgia and possibly also that a male posing as a female impersonated a security guard. Garner attached several documents to her complaint, including a list of 20 federal statutes and constitutional provisions entitled "Redress" (Doc. No. 1-1, at 1); a blurry photograph described as depicting "picture of guy posing as a female follow me from Atlanta Georgia" (*id.* at 2); another blurry photograph described as depicting a "guy posing as a female impersonating security" (*id.* at 3); a copy of a ticket to the Premiere Orlando & Premiere DAYSPA event to be held at the Orlando/Orange County Convention Center (*id.* at 4); and a letter from the Social Security Administration providing information about Garner's current Social Security benefits (*id.* at 5-6).[1] Garner seeks to recover $999 trillion, divided equally among Defendants. Doc. No. 1, at 4; Doc. No. 1-1, at 1.

Garner filed a motion to proceed *in forma pauperis* (Doc. No. 2), which has been referred to the undersigned for issuance of a Report and Recommendation. Her motion is now ripe for review.

## II.  STANDARD OF REVIEW.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), when a plaintiff seeks to proceed *in forma pauperis*, the Court is required to consider whether the plaintiff's complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [in forma pauperis] litigants – prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both

---

[1] The complaint also refers to "Exhitbit (D)—Eye Sight Video of Operation attack" and "Exhitbit (E) Picture of Stalking at Convention." Because the attachments themselves are not labeled, it is unclear if any of the attachments correspond to these labels.

categories."). To state a claim on which relief may be granted, a plaintiff's complaint must contain sufficient factual content to bring her claims "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is frivolous within the meaning of §1915(e)(2)(B), if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

**III.   ANALYSIS.**

As explained above, Garner's complaint is disjointed and largely incomprehensible. It does not contain sufficient factual content to bring her claims "across the line from conceivable to plausible," and it does not appear to rest on an arguable basis in law or in fact.[2] Accordingly, Garner's complaint is due to be dismissed for failure to state a claim on which relief may be granted and because it is frivolous.

Ordinarily, where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint. *Gary v. U.S. Gov't*, 540 F. App'x 916, 917 (11th

---

[2] Among other infirmities, it appears that Garner intends to bring federal criminal charges with her complaint, but, to the extent she does, she lacks standing to pursue such claims. *See Fretwell v. Arrant*, Case No. 5:09cv56/RS-EMT, 2009 WL 2168697, at *4 (N.D. Fla. July 17, 2009) (citations omitted). And, as she has been previously informed by this Court, Garner cannot bring a claim for damages for a violation of 18 U.S.C. § 3771, the Justice for All Act. *See Garner v. United States*, No. 6:11-cv-1445-Orl-22GJK, Doc. No. 10, at 6 (M.D. Fla. Jan. 30, 2013), *adopted by* Doc. No. 11 (M.D. Fla. Feb. 15, 2013). Garner is also seeking a monetary judgment against the CIA and the FPS, both of which are federal agencies. Such claims are generally barred by sovereign immunity. *See, e.g.*, *Nalls v. Coleman Low Fed.Inst.*, 307 F. App'x 296, 298 (11th Cir. 2009) (cited as persuasive authority) (citing *FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994)) (district court lacked subject matter jurisdiction over *Bivens* claim against federal agency). To the extent Garner's complaint can be construed broadly as attempting to pursue a claim under the Federal Tort Claims Act ("FTCA"), the United States is the proper defendant, not the CIA, the FPS, or a private party, and, regardless, federal district courts lack subject matter jurisdiction over FTCA claims unless the plaintiff has first exhausted administrative remedies. This exhaustion requirement is not waivable, *Employees Welfare Comm. v. Daws*, 599 F.2d 1375, 1378 (5th Cir. 1979) (citation omitted), and "the failure to adequately allege exhaustion in the complaint is grounds for dismissal for lack of subject matter jurisdiction." *Chapman v. U.S. Postal Serv.*, 442 F. App'x 480, 485 (11th Cir. 2011) (cited as persuasive authority) (citing *Dalrymple v. United States*, 460 F.3d 1318, 1324-26 (11th Cir. 2006)). Garner's complaint includes no allegations that she has exhausted her administrative remedies.

Cir. 2013) (cited as persuasive authority) (citations omitted) (affirming dismissal of complaint without leave to amend). Appellate courts apply this rule even where a *pro se* plaintiff never sought leave to amend in the district court before filing an appeal. *Zabriskie v. Hansell*, 418 F. App'x 890, 890 (11th Cir. 2011) (cited as persuasive authority) (citation omitted). Thus, arguably, if a more carefully drafted complaint might state a claim, Garner should be given leave to file an amended complaint.

Nonetheless, the Court possesses discretion in determining whether to allow leave to amend, and, in some situations, the Eleventh Circuit has found that a district court does not abuse its discretion in dismissing a complaint without leave to amend because it is frivolous pursuant to § 1915. *See, e.g.*, *Gary*, 540 F. App'x at 917 ("We conclude from the record that the district court did not abuse its discretion in dismissing [plaintiff's] complaint as frivolous, as a review of the complaint shows that her allegations were irrational and wholly incredible. Furthermore, we conclude that the district court did not abuse its discretion by not affording [plaintiff] an opportunity to amend her complaint because any amendment would have been futile, as none of [plaintiff's] allegations are credible or rational."); *Zabriskie*, 418 F. App'x at 890 (district court did not abuse its discretion when it dismissed a case as frivolous and did not *sua sponte* offer plaintiff leave to amend, in part because the complaint was "implausible on its face"); *see also Denton v. Hernandez*, 504 U.S. 25, 34 (1992) ("Therefore, if it appears that frivolous factual allegations could be remedied through more specific pleading, a court of appeals reviewing a § 1915(d) disposition should consider whether the district court abused its discretion by dismissing the complaint with prejudice or without leave to amend."). Accordingly, if the Court determines that Garner's complaint falls into the category of frivolous cases that cannot be remedied through more specific pleading, it is within the Court's discretion not to *sua sponte* offer Garner an opportunity to amend.

In addition, I note that this this is at least the sixth action filed by Garner in which she has been denied *in forma pauperis* status because of her failure to formulate an intelligible complaint. *See Garner v. United States*, No. 6:11-cv-1445-Orl-22GJK, Doc. No. 4 (M.D. Fla. Sept. 1, 2011) (denying *in forma pauperis* motion without prejudice and noting that the complaint is "a rambling amalgam of disjointed allegations that do not indicate why Plaintiff is entitled to relief"); *Garner v. United States*, No. 6:13-cv-295-Orl-22GJK, Doc. No. 3 (M.D. Fla. Feb. 15, 2013) (recommending denial of *in forma pauperis* motion and dismissal of complaint because the complaint fails to comply with the rudimentary requirements of Fed. R. Civ. P. 8), *adopted by* Doc. No. 4 (M.D. Fla. Feb. 15, 2013); *Garner v. United States*, No. 6:13-cv-1714-Orl-37DAB, Doc. No. 4 (M.D. Fla. Nov. 8, 2013) (recommending denial of *in forma pauperis* motion and dismissal of complaint; noting that complaint is "largely unintelligible" and "presents a rambling and disjointed narrative of grievances with a hotel or hotels in Georgia, based on Plaintiff's suspicions regarding gender identity issues, health status, and unsavory motives of various unidentified persons"), *adopted by* Doc. No. 5 (M.D. Fla. Nov. 27, 2013); *Garner v. U.S. Attorney*, No. 6:16-cv-1907-Orl-40TBS, Doc. No. 3 (M.D. Fla. Nov. 2, 2016) (recommending denial of *in forma pauperis* motion and dismissal of complaint; noting that the complaint includes a "litany of incoherent allegations"), *adopted by* Doc. No. 4 (M.D. Fla. Nov. 30, 2016); *Garner v. United States*, No. 8:16-cv-2158-T-27TGW, Doc. No. 4 (M.D. Fla. Aug. 18, 2016) (recommending dismissal of complaint in part because the complaint asserts "nonsensical and essentially incomprehensible allegations against numerous law enforcement agencies"), *adopted by* Doc. No. 5 (M.D. Fla. Sept. 13, 2016).   Magistrate Judge Gregory J. Kelly has also recently recommended that a seventh lawsuit be dismissed because it is frivolous.  *Garner v. CIA*, No. 6:17-cv-1034-Orl-41GJK, Doc. No. 3 (M.D. Fla. June 12, 2017)

(noting that the complaint is incomprehensible).  Garner has repeatedly been informed of the deficiencies in her complaints and given opportunities to amend, but has failed to use those opportunities to formulate complaints that state a claim.  This litigation history is further evidence that it would be futile to allow Garner leave to amend her complaint in this case.

Based on this litigation history, if the Court declines to allow Garner leave to amend her complaint, it may also wish to consider the issuance of a *Martin-Trigona* injunction.  "In making the determination whether the litigant's conduct is sufficient to justify the entry of what is referred to as a *Martin-Trigona* injunction to stop continued vexatious litigation by persons with a history of such litigation . . . , it is sufficient to show a history of litigation entailing vexation, harassment, and needless burden on the courts and their supporting personnel."  *Moorman v. All Fifty States*, No. 6:07-cv-848-Orl-31DAB, 2007 WL 1890778, at *1 (quoting *In re Dicks*, 306 B.R. 700, 705-06 (Bankr. M.D. Fla. 2004)).  Factors to consider in evaluating the appropriateness of the injunction include: "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits, (2) the litigant's motive in pursuing the litigation, *e.g.*, does the litigant have an objective, good-faith expectation of prevailing, (3) whether the litigant is represented by counsel, (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel, and (5) whether other sanctions would be adequate to protect the courts and other parties."  *Id.* (citations omitted).  I now consider these factors, in turn.

First, Garner has a history of filing frivolous and incomprehensible lawsuits.  In addition to the suits filed in this Court, Garner has filed at least 15 frivolous suits in the U.S. District Court for the Northern District of Georgia.  *See Garner v. United States Gov't*, No. 1:10-CV-331-MHS, Doc. No. 7, at 1 & n. 1 (N.D. Ga. Feb. 11, 2010) (listing cases).  This pattern led that that court to

issue a *Martin-Trigona*-style order directing the Clerk of Court not to accept for filing any future lawsuits by Garner unless expressly authorized in writing by the designated duty judge.  *Id.*, at 2-3.  After the issuance of that order, Garner began filing lawsuits in the U.S. District Court for the Southern District of Georgia.  After Garner had 10 such lawsuits dismissed as frivolous, that court also entered a *Martin-Trigona*-style order requiring that Garner receive permission before filing any future *in forma pauperis* lawsuits.  *Garner v. CIA*, No. 4:17-cv-25-JRH-GRS, Doc. No. 3 (S.D. Ga. Feb. 17, 2017), *adopted by* Doc. No. 5 (S.D. Ga. Mar. 7, 2017).  The U.S. District Court for the Middle District of Georgia has also dismissed a number of Garner's *in forma pauperis* complaints on the grounds that they are frivolous.  *See Garner v. CIA*, No. 5:17-CV-232(LJA), Doc. No. 4, at 2 & n. 2 (M.D. Ga. June 21, 2017) (listing a number of cases dismissed as frivolous).  Although there is no indication that Garner's repeated filings constitute malicious harassment, I recommend that the Court find that the filing of multiple incomprehensible and frivolous actions—some filed even after she had been subjected to restrictions on her ability to file such lawsuits—is vexatious.

As to motive, Garner has repeatedly filed complaints that courts have characterized as "rambling," "unintelligible," and "incomprehensible."  When she has been given the opportunity to amend to remedy these deficiencies, she has repeatedly failed to do so.  Thus, it appears that Garner does not have an objective, good-faith expectation of prevailing in her lawsuits.  She is not represented by counsel, and, while her complaints have been dismissed before being served on other parties, the Court and Clerk's office has been burdened by the filings.  As for the final factor, other courts have warned Garner that she could be sanctioned for further frivolous filings.  Nonetheless, Garner has ignored those warnings, resulting in the imposition of *Martin-Trigona*-style filing restrictions.  *See Garner v. CIA*, No. 4:17-cv-25-JRH-GRS, Doc. No. 3, at 2 (S.D. Ga. Feb. 17, 2017) (noting court's previous warnings and the failure of those warnings to deter Garner from

"continuing to waste judicial resources"); *Garner v. United States Gov't*, No. 1:10-CV-MHS, Doc. No. 7, at 2 (N.D. Ga. Feb. 11, 2010) (noting court's previous warning and Garner's failure to heed that warning). Indeed, one judge has gone so far as to label Garner an "out-of-control litigant." *Garner v. U.S. Attorney* No. 1:16-mi-94, Doc. No. 3, at 2 (S.D. Ga. Nov. 15, 2016). Thus, it does not appear that lesser sanctions would be adequate.

Accordingly, I recommend that the Court consider the issuance of an order enjoining Garner from filing any future lawsuits in this District unless she has obtained leave of this Court to file a complaint *pro se* or the complaint is filed on her behalf by an attorney who is a member of the bar of this Court. A similar sanction has been used in other cases in this circuit and is an appropriate way to deter the filing of future, frivolous claims without precluding Garner's right of access to the Court with respect to meritorious claims. *See, e.g.*, *Martin-Trigona v. Shaw*, 986 F. 2d 1384, 1387 (11th Cir. 1993).

To the extent Garner is allowed to file an amended complaint, she must name as Defendants only those persons who are responsible for the alleged violations. Garner must allege in the body of the complaint, under a section entitled "Statement of Facts," how each named Defendant participated in the activity that allegedly violated her rights. Garner must allege some causal connection between each Defendant named and the injury Garner allegedly sustained. One generally cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he or she participated in the deprivation of a person's rights or directed such action and/or omission that resulted in such deprivation. Garner must allege specifically how she has been damaged (harmed or injured by the actions and/or omissions of the Defendant(s)). Finally, Garner should not attempt to pursue criminal causes of action or to assert a claim for damages under 18 U.S.C. § 3771.

**IV.   RECOMMENDATION.**

For the reasons stated above, I **RESPECTFULLY RECOMMEND** that the Court **DISMISS** Garner's complaint (Doc. No. 1); **DENY** Garner's motion to proceed *in forma pauperis* (Doc. No. 2); and take any such further action (including denying Garner leave to amend and issuing a *Martin-Trigona* injunction) as the Court deems appropriate.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on June 22, 2017.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy